## ORPHANS' COURT OF BALTI-MORE CITY

Filed June 14, 1892.

IN THE MATTER OF THE ESTATE OF LEAH WHITTAKER.

*Michael A. Mullin* for petitioners.

*Benzinger* & *Calwell* and *Milton W. Audou*, for the bank.

## ORPHANS' COURT OF BALTI-MORE CITY

Filed June 22, 1892.

IN THE MATTER OF THE ESTATE OF MARY MICHAEL, DECEASED.

*Samuel J. Harman* for exceptant.

*J. Wilson Leakin* for administrator.

LINDSAY, GANS and EDWARDS, J.J.—

This is a case of exceptions by Paul A. Seeger to the ratification of the sale of certain real estate made to him by the executors of Mary Michael, J. Wilson Leakin and Andrew Reese.

The case was duly presented by petition and also duly answered.

The first alleged ground of exception is an incomplete description in the deed of the property sold, rendering it impossible accurately to ascertain what property was intended to be conveyed thereby. This exception was in the process of the trial withdrawn and abandoned, and therefore calls for no decision by this Court.

The second alleged ground for exception to the ratification of the sale arises out of the will of Wendel Michael, the father, and involves the question whether or not the rule in Shelley's case applies.

By the will of the father dated July, 1821, he bequeathed the property in question to Margaret Michael, his wife, for life, or widowhood; then to his daughter, Josephine Michael, for life, with remainder to the bodily heirs of the said Josephine. The said will contains also the following clause: "If any of said children shall die without having bodily heirs, my other children's bodily heirs, if any, they shall have the portion therein of the bequeathed property reserving my other children, which shall be equally divided among all my other children's bodily heirs which they may have."

The said Josephine Michael died unmarried and without issue, and the contention of the exceptant is that the said property so bequeathed to her went, at her death, under the terms of the will, to the issue of her brother and sisters, if any, and that the executors of Mary Michael could not claim that their decedent acquired title to the whole leasehold interest in said lot under the will to the said Josephine Michael, and that they could not, therefore, give such title to the purchaser.

It should be mentioned, in this connection, that the said Josephine purchased, March 14, 1881, the fee in said property from William Gilmor Hoffman and others.

The third and final ground of exception to the ratification of the sale is that the said Mary Michael revoked the 26th clause of her will devising this property, and therefore died intestate as to it, and it being real estate, her executors had no power to sell it to said Seeger, nor could they give any good title to it.

The respective counsel argued some aspects touching the general matter, dwelling mainly upon the jurisdiction of the Court, and then submitted the last two points to our consideration and decision.

As to the second exception, the Court is of the opinion that the rule in Shelley's case does, by analogy, apply to this case, and that in consequence the said Josephine Michael did take an absolute interest under the terms of her father's will in the property in question. This case and the case of Hughes vs. Nicklas, 70 Md. 484, are, as to their facts, very similar; and in this case the Court held, 1. That the bequest to J. S., meaning "Jane Shaw," standing precisely in the place of Josephine Michael, was by analogy at least directly within the rule in Shelley's case. 2. That the gift of a leasehold interest to J. S., for life, with remainder over to the heirs of her body, entitled her to the absolute interest, which was not restricted by the words "if she should have any heirs." 3. That even if the provisions of the second clause indicated that the testator intended to give J. S. only a life estate under the first clause, the words used in the first clause brought the gift within the rule, and the intention must give way, and the fixed rule be followed. All this is applicable directly to the present case.

The case also decides, that if the gift to J. S. had been real estate, with remainder to the heirs of her body, she would have taken, under the rule, an estate in *fee tail*, which by the operation of our law of descents (Code, Art. 46, Sec. 1) would have been converted into an estate in *fee simple*.

We think, therefore, that this second ground of exception cannot be good or solid. The property under the will being leasehold, and not susceptible of being entailed, became, without any intervening obstruction, limited absolutely to Josephine Michael, by the terms "her bodily heirs," or, as more usually put, "the heirs of her body," and altogether irrespective of any intention on the part of her father to give her only a life estate.

Neither can we think the last ground of exception to be any more solid than the preceding.

After the said Mary Michael had, by a codicil, revoked the 26th clause of

her will as to the residue covering this property, she gave express power to her executors, authorizing them or the survivor to make sale of any part or parts of her estate, real or personal, at any time they might deem advantageous or expedient in the settlement or division of her said estate, and in the codicil she says, "and I hereby republish and declare the said will in all its parts, except the said 26th clause, hereby expressly revoked."

It is true that she died intestate as to this property, in the sense of not having devised it to any person, but we cannot see any reason in this why, under the power to sell in the will, the executors should not be able to dispose of it by sale and distribute the proceeds in accordance with the laws of this State. The power here given the executors is entirely clear, and being equally ample, we entertain no doubt of their being able to give by their deed a perfectly safe and good title.

It is therefore ordered and decreed, this 21st day of June, 1892, that the exceptions be dismissed with costs, and that the Court will sign the order ratifying the sale when presented.